```
0896941-Court-A-U.S.                    IN RE
GRANT W. PATTEN                         KENNETH COLLINS
ATTORNEY AT LAW                         9015 GROUSE RUN LANE
PO BOX 42504
FAYETTEVILLE, NC 28304                  FAYETTEVILLE, NC 28314
                                        SSN or Tax I.D.   XXX-XX-0354
                                        ------------------------------
Chapter 13                              STEPHANIE COLLINS
Case Number:   09-06941-8-RDD           9015 GROUSE RUN LANE

                                        FAYETTEVILLE, NC 28314
                                        SSN or Tax I.D.   XXX-XX-8703
```

```
                                        U.S. Bankruptcy Court
                                        1760-A Parkwood Blvd
                                        Wilson, NC  27893
```

NOTICE OF MOTION FOR CONFIRMATION OF PLAN

Trawick H. Stubbs, Jr., Chapter 13 Trustee  has  filed  papers  with  the  Court to Confirm the Chapter 13 Plan.

<u>Your rights may be affected.</u>   You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the Motion For Confirmation Of Plan, or if you want the court to consider your views on the motion, then on or before  12/15/2009, you or your attorney must file with the court, pursuant to Local Rule  9013-1  and  9014-1, a written response, an answer explaining your position, and a request for hearing at:

```
        U.S. Bankruptcy Court
        Eastern District of North Carolina
        1760-A Parkwood Blvd
        Wilson, NC  27893
```

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to debtor(s), debtor(s) attorney and trustee at the following addessses:

```
Debtor(s):                      Attorney:                       Trustee:
KENNETH COLLINS                 GRANT W. PATTEN                 Trawick H. Stubbs, Jr.
9015 GROUSE RUN LANE            ATTORNEY AT LAW                 P.O. Box 1618
FAYETTEVILLE, NC 28314          PO BOX 42504                    New Bern, NC 28563
------------------------------  FAYETTEVILLE, NC 28304
STEPHANIE COLLINS
9015 GROUSE RUN LANE
FAYETTEVILLE, NC 28314
```

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted  on   the motion at a date, time  and  place to  be later  set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the court may  decide  that  you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

```
Date:  November 20, 2009           Trawick H. Stubbs, Jr.
                                   Chapter 13 Trustee
                                   P.O. Box 1618
                                   New Bern, NC 28563
```

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:                                                           CASE NUMBER: 09-06941-8-RDD

    KENNETH COLLINS

    STEPHANIE COLLINS

                                                                                         CHAPTER 13

                    DEBTOR(S)

MINUTES OF 341 MEETING AND
MOTION FOR CONFIRMATION OF PLAN

NOW COMES the Trustee in the above referenced Chapter 13 case moving the Court for an Order confirming the Plan in the case and, in support, of said Motion, says unto the Court:

1. That the debtor(s) appeared at the meeting of creditors, as required by 11 U.S.C. § 341 and submitted to an examination under oath by the Trustee on September 29, 2009, or has supplied answers to written interrogatories;

2. The Debtor(s) has/have complied with all requirements of 11 U.S.C. §521(a)(1)(B) and Interim Bankruptcy Rules 1007 and 4002(b), as modified and adopted by this Court, and this case has not been dismissed, nor is it subject to dismissal, under 11 U.S.C. §521(i).

3. That there are no pending objections to confirmation or other filings or pleadings that would impede the confirmation of the Plan in this case;

4. The analysis of this Plan has been performed by the Trustee, as evidenced by Exhibit "A" attached hereto, and the Trustee is of the opinion that the Plan meets the requirements of 11 U.S.C. §1325;

5. That the Trustee has reviewed the Schedules and information in Debtor(s) Petition and, as of the date of this Motion, has determined that the Debtor(s) annualized current monthly income exceeds the median family income for the State of North Carolina and further has determined that the Debtor(s) has/have projected disposable income as defined in 11 U.S.C. §1325(b)(2), In Re Alexander, 344 B.R. 742 (Bankr. E.D.N.C. 2006) and In Re Carney, 06-00392-8-JRL (E.D.N.C August 23, 2006). Based on such review the debtor(s) plan payments should be:

| | | | |
|---|---|---|---|
| $271.00 | for | 1 | Months |
| $338.00 | for | 59 | Months |
| | for | | Months |
| | for | | Months |

The above stated monthly payments may include monies as calculated by the Trustee to meet the best interest of creditors test ("liquidation test") in addition to the projected disposable income of the Debtor(s).

    a. <u>Review of Plan</u>. This plan will be reviewed by the trustee at claims bar date (as hereinafter defined in Paragraph "7") to determine whether Debtor(s) has/have any projected disposable income to pay to and for the benefit of general unsecured creditors. The plan will be further reviewed at government bar date as to claims accruing pre-petition. If the Trustee finds projected disposable income at such review(s) the plan will be modified accordingly. Debtor(s) will be notified of the needed modification by the issuance of a Notice of Requirement to Modify by the trustee.

    b. <u>Debtors with Disposable Income and/or Equity</u>. If it has been determined that Debtor(s) has/have projected disposable income and/or equity in property pursuant to the liquidation test to be applied for the benefit of general unsecured claims they will be paid approximately $16,224.00 through the plan. This figure is subject to modification as to all debtors upon final review by the trustee as set forth above. The obligation of the debtor(s) to make plan payments may cease upon payment to the Trustee of a sum sufficient to pay the required sum for the benefit of general unsecured creditors.

    c. <u>Debtors With No Disposable Income</u>. If it has been determined that Debtor(s) has/have no projected disposable income and no equity in property pursuant to the liquidation test to be applied for the benefit of general unsecured creditors the obligation of the debtor(s) to make such payments shall cease upon payment to the Trustee of a sum sufficient to pay all allowed arrearage claims on secured debts, or other allowed secured claims (not including those to be paid "outside" the plan), unsecured priority claims, administrative claims and co-sign protect claims (if any) in full, along with the amount indicated below to be paid on general unsecured claims. <u>IN SUCH EVENT THE GENERAL UNSECURED CLAIMS WILL BE PAID $0.00 THROUGH THIS PLAN</u>.

    d. <u>Effect of Government Claims Accruing Post Petition Filed After Bar Date</u>. Claims filed by any governmental agency after the claims bar date but before the government bar date that accrue post petition, as set forth in Paragraph 7, and claims filed post petition pursuant to 11 U.S.C. §1305, if more than projected at the claims bar date, will cause the plan to be subject to modification and amendment but will not effect the monies to be paid to general unsecured creditors, if any, as established in the procedures hereinabove set forth.

6. That the liens of creditors which will not be paid in full during the term of the Plan or which are to be paid directly by the debtor(s) are not affected by the confirmation of this Plan;

7. Generally, and subject to orders entered hereafter by this Court, any claim proof of which is not filed on or before December 28, 2009 ("Bar Date") shall be disallowed. Claims of governmental units, proofs of which are not filed before February 26, 2010 ("Government Bar Date") shall be disallowed.

8. That the claims of secured creditors shall be paid as secured to the extent of the claim or to the extent of the value of the collateral as set out below. Provided sufficient funds are available, and a proof of claim has been filed and allowed, the secured creditors listed below can expect to receive a minimum monthly payment equal to 1% of the value of their collateral.

    a. Claims to be paid directly by the Debtor:

| <u>Creditor</u> | <u>Collateral</u> | <u>Repayment Rate/Term</u> |
|---|---|---|

| | | |
|---|---|---|
| #11 PHH Mortgage | Mortgage | Outside |
| #12 PHH Mortgage | Arrears Mortgage | $93.85 to be paid over life of plan |
| #17 USAA Savings Bank | 2004 Dodge Ram | Outside |
| #20 WFS/Wachovia Dealer | 2006 Mercedes | Outside |

    b. Continuing Long Term Debts to be paid by the Trustee:

The Trustee will disburse regular ongoing monthly payments effective with the month indicated below with the Debtor to resume direct payments upon completion of plan payments. Arrearage through the month indicated will be paid in full over the term of the plan without interest as funds are available unless otherwise indicated. To receive disbursements, a creditor must file a proof of claim documenting a non-preferential perfected lien against the property. The Trustee will disburse the regular monthly payment indicated below unless an allowed filed claim indicates a different payment.

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| NONE | | |

    c. Claims paid to extent of claim as filed:

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| NONE | | |

    d. Claims paid to extent of value:

| Creditor | Collateral | Present Value | Repayment Rate/Term |
|---|---|---|---|
| NONE | | | |

9. That the following creditors have filed secured proofs of claims but, due to the value placed on the collateral, the claims will be treated as unsecured and paid along with other unsecured claims. With respect to claims listed below for which the terms of repayment are listed as "Surrender," upon entry of an Order confirming the plan, as modified by this Motion, the automatic stay of §362(a) and the automatic codebtor stay of §1301 shall thereupon be lifted and modified with respect to such property "for cause" under §362(d)(1), as allowed by local rule 4001-1(b).

    NONE

Reference herein to "Direct" or "Outside" or similar language regarding the payment of a claim under this plan means that the Debtor(s) or a third party will make the post-petition payments in accordance with the contractual documents which govern the rights and responsibilities of the parties of the transaction, including any contractual modifications thereof, beginning with the first payment that comes due following the order for relief.

10. That the treatment of claims indicated in paragraphs 8 and 9 above, are based on information known to the Trustee at the time of the filing of this Motion. The treatment of some claims may differ from that indicated if subsequent timely filed claims require different treatment;

11. That the following executory contracts and unexpired leases shall be either assumed or rejected as indicated below:

| Creditor | Property Leased or Contracted For | Treatment |
|---|---|---|
| NONE | | |

12. That priority claims shall be paid in full over the term of the Plan;

13. That confirmation of this Plan will be without prejudice to pending Motions For Relief From the Automatic Stay and will be without prejudice to objections to claims and avoidance actions;

14. **CONTINUING LONG TERM DEBTS PAID INSIDE THE PLAN** – Continuing long term debts listed in Section 8 (b) to be paid inside the Debtor's Plan shall be paid its contractual monthly payments by the Trustee with the Debtor to resume direct payments upon completion of plan payments. To receive disbursements, a creditor must file a proof of claim documenting a non-preferential perfected lien against the property.

If the monthly payment on the account changes, the creditor must inform the Trustee, the Debtor and the Debtor's attorney in writing either before the change or within 30 days after the change and must include an itemization of the payment change by principal, interest, escrow and any other costs. Failure to provide such notice shall result in a waiver by the creditor of the right to collect any increase in the monthly payment for which notice thereof was not provided unless otherwise ordered by the Court.

Within 30 days of completion of the Debtor's Plan payments, the Trustee will serve upon the mortgagee, the Debtor and the Debtor's attorney a notice stating (1) that any pre-petition arrearage claim has been paid in full, (2) that all post-petition mortgage obligations have been paid, (3) that the mortgagee is required to treat the mortgage as reinstated and fully current in all obligations under the mortgage, (4) that if any post-petition obligations have not been timely paid, the mortgagee is required to itemize all outstanding obligations as of the date of the notice, and file a statement of these obligations with the Court, giving notice to the Trustee, the Debtor and the Debtor's attorney within 60 days of service of the notice from the Trustee (or such longer time as the Court may order), (5) that if the mortgagee fails to file and serve a statement of the outstanding obligations within the required time, the mortgagee is required to treat the mortgage as reinstated according to its original terms, fully current in all obligations as of the date of the Trustee's notice, and (6) that if the mortgagee does serve a statement of outstanding obligations within the required time, the Debtor or the Trustee may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the Court, on notice to the mortgagee, with the Court resolving the challenge as a contested matter, or (ii) propose a modified Plan to provide for payment of additional amounts that the Debtor acknowledges or the Court determines to be due. To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the Court to be invalid or are not paid by the Debtor through modified Plan, the right of the mortgagee to collect these amounts will be unaffected. No liability shall result from any non-willful failure of the Trustee to serve the notice required by this subparagraph.

Costs of collection, including attorneys' fees, incurred by the claim holder, and approved by the

    Court, after the filing of this Bankruptcy case and before the final payment under the Plan shall be added to the pre-petition arrearage claim.

15. That confirmation of the Plan vests all property of the estate in the debtor(s);

16. That the attorney for the debtor(s) is requesting fees in the amount of $3,100.00. The Trustee recommends to the Court a fee of $3,100.00. If the recommended fee is different from that requested, an explanation can be found in Exhibit "A".

                                                                s/ Trawick H. Stubbs, Jr.
                                                                 Trawick H. Stubbs, Jr.
                                                                 Standing Chapter 13 Trustee

| | **EXHIBIT 'A'** | | **CASE NUMBER:** 09-06941-8-RDD |
|---|---|---|---|

**DEBTORS:** KENNETH COLLINS
STEPHANIE COLLINS

**EMPLOYMENT:**
Debtor:   US Air Force/USAF BAS,BAH        GROSS INCOME:   $58,558.44
Spouse:   US Air Force/USAF BAS,BAH                                      $54,072.84

**Prior Bankruptcy cases:**   Yes ☐   No ☒   If so, Chapter _____ filed _____
Disposition:

**Real Property**:   House and Lot ☒   Mobile home ☐   Lot/Land ☐   Mobile Home/Lot ☐
Description:

| | | | |
|---|---|---|---|
| FMV | $154,300.00 | Date Purchased | |
| Liens | $177,843.00 | Purchase Price | |
| Exemptions | $0.00 | Improvements | |
| Equity | $ 0.00 | Insured For | |
| Rent | $1,423.00 | Tax Value | |

**COMMENTS**:

**Attorney Fees:**
Requested:   $3,100.00   (excluding filing fee)
Paid:             $700.00     (excluding filing fee)
Balance:     $2,400.00

**Trustee's Recommendation:**   $3,100.00
Comments:

**Plan Information**:

| Plan Information: | | After 341 | | Payout % After 341 | |
|---|---|---|---|---|---|
| Total Debts | $112,489.68 | Pay in | $20,213.00 | Priority | 100.00% |
| Priority | $2,400.00 | Less  7.00% | $1,414.91 | Secured | 100.00% |
| Secured | $93.85 | Subtotal | $18,798.09 | Unsecured | 14.00% |
| Unsecured | $109,995.83 | Req. Atty. Fee | Incl. w/ claims | Joint | % |
| Joint Debts | | Available | $18,798.09 | Co-Debts | % |
| Co-Debtor | | | | | |

**Annual Review:**   Yes ☐   No ☐
**Payroll Deduction:**   Yes ☒   No ☐

Objection to Confirmation:   Yes ☐   No ☒

  Pending:   SEE COURT DOCKET
  Resolved:  SEE COURT DOCKET

Motions Filed:   Yes ☐   No ☒

  If so, indicate type and status:   SEE COURT DOCKET

Hearing Date:

# CERTIFICATE OF MAILING

| | | | |
|---|---|---|---|
| CASE: 0896941 | TRUSTEE: 2V | COURT: 278 | Page 1 of 2 |
| TASK: 11-19-2009.00331009.LSA000 | | DATED: 11/20/2009 | |

| | | | |
|---|---|---|---|
| Court | | Served Electronically | |
| Trustee | | Trawick H. Stubbs, Jr. | P.O. Box 1618<br>New Bern, NC 28563 |
| Debtor | | KENNETH COLLINS | 9015 GROUSE RUN LANE<br>FAYETTEVILLE, NC 28314 |
| Joint | | STEPHANIE COLLINS | 9015 GROUSE RUN LANE<br>FAYETTEVILLE, NC 28314 |
| 799 | 000002 | GRANT W. PATTEN<br>PO BOX 42504 | ATTORNEY AT LAW<br>FAYETTEVILLE, NC 28304 |
| 011 | 000003 | PHH MORTGAGE CORP<br>ATTN MAIL STOP SV-01 | 2001 LEADENHALL RD<br>MOUNT LAUREL, NJ 08054 |
| 012 | 000004 | PHH MORTGAGE CORP<br>ATTN MAIL STOP SV-01 | 2001 LEADENHALL RD<br>MOUNT LAUREL, NJ 08054 |
| 001 | 000021 | ADT SECURITY SERVICES | PO BOX 371490<br>PITTSBURGH, PA 15250 |
| 004 | 000009 | BARCLAYS BANK | 125 SOUTH WEST ST<br>WILMINGTON, DE 19801 |
| 005 | 000010 | CHASE | P O BOX 15298<br>WILINGTON, DE 19850-5298 |
| 003 | 000008 | BANK OF AMERICA | PO BOX 17054<br>WILMINGTON, DE 19884-7054 |
| 002 | 000007 | FIA CARD SERVICES<br>PO BOX 12907 | C/O PRA RECEIVABLES MANAGEMENT<br>NORFOLK, VA 23541 |
| 006 | 000011 | PRA RECEIVABLES MANAGEMENT, LLC<br>PO BOX 41067 | AGENT OF PORTFOLIO RECOVERY ASSOCS.<br>NORFOLK, VA 23541 |
| 023 | 000025 | PRA RECEIVABLES MANAGEMENT, LLC<br>PO BOX 41067 | AGENT OF PORTFOLIO RECOVERY ASSOCS.<br>NORFOLK, VA 23541 |
| 024 | 000026 | PRA RECEIVABLES MANAGEMENT, LLC<br>PO BOX 41067 | AGENT OF PORTFOLIO RECOVERY ASSOCS.<br>NORFOLK, VA 23541 |
| 025 | 000027 | PRA RECEIVABLES MANAGEMENT, LLC<br>PO BOX 41067 | AGENT OF PORTFOLIO RECOVERY ASSOCS.<br>NORFOLK, VA 23541 |
| 021 | 000023 | KIMBERLY A. SHEEK<br>8520 CLIFF CAMERON DR., SUITE 300 | SHAPIRO & INGLE, L. L. P.<br>CHARLOTTE, NC 28269 |
| 022 | 000024 | GE MONEY BANK<br>25 SE 2ND AVE, SUITE 1120 | C/O RECOVERY MANAGEMENT SYSTEMS<br>MIAMI, FL 33131-1605 |
| 007 | 000012 | CITI CARDS | PO BOX 6241<br>SIOUX FALLS, SD 57117 |
| 015 | 000017 | THD/CBSD | PO BOX 6497<br>SIOUX FALLS, SD 57117 |
| 016 | 000018 | US BANK | 4325 17TH AVE S<br>FARGO, ND 58125 |
| 010 | 000015 | HSBC | PO BOX 5253<br>CAROL STREAM, IL 60197-5253 |
| 013 | 000016 | MY CHOICE | 702 FELIX ST<br>SAINT JOSEPH, MO 64502 |
| 014 | 000022 | SPRINT PCS | 6200 SPRINT PKWY<br>OVERLAND PARK, KS 66251 |
| 017 | 000005 | USAA SAVINGS BANK | PO BOX 47504<br>SAN ANTONIO, TX 78265 |

| | | | | |
|---|---|---|---|---|
| CASE: 0896941 | TRUSTEE: 2V | COURT: 278 | | Page 2 of 2 |
| TASK: 11-19-2009.00331009.LSA000 | | DATED: 11/20/2009 | | |

| | | | |
|---|---|---|---|
| 009 | 000014 | GEMB | PO BOX 981064<br>EL PASO, TX 79998 |
| 008 | 000013 | CREDIT ONE BANK | PO BOX 98875<br>LAS VEGAS, NV 89193 |
| 020 | 000006 | WFS/WACHOVIA DEALER SV | PO BOX 1697<br>WINTERVILLE, CA 92623 |
| 018 | 000019 | USAA FEDERAL SAVINGS BANK<br>2001 WESTERN AVE., STE 400 | C/O WEINSTEIN & RILEY<br>SEATTLE, WA 98121 |
| 019 | 000020 | USAA FEDERAL SAVINGS BANK<br>2001 WESTERN AVE., STE 400 | C/O WEINSTEIN & RILEY<br>SEATTLE, WA 98121 |

**30 NOTICES**

THE ABOVE REFERENCED NOTICE WAS MAILED TO EACH OF THE ABOVE ON 11/20/2009.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED ON   11/20/2009   BY  /S/EPIQ Systems, Inc.

*CM - Indicates notice served via Certified Mail